IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **TROY R. ANDERSON, #15594-076** | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:02cv163** |
| **UNITED STATES OF AMERICA** | § | |

## ORDER OF DISMISSAL

Plaintiff Troy R. Anderson, an inmate confined at F.C.I. Texarkana, filed this civil lawsuit concerning the medical care he had received for a kidney stone. The complaint was referred to United States Magistrate Judge Caroline M. Craven. Magistrate Judge Craven issued a Report and Recommendation concluding that the Government's motion to dismiss for failure to exhaust administrative remedies, which was construed as a motion for summary judgment, should be granted. The Plaintiff has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Plaintiff are without merit.

The Prison Litigation Reform Act of 1996 mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court subsequently unanimously held that prisoners must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001). *See also Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). More recently, the Supreme Court noted that

1

exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The Government presented competent summary judgment evidence showing that the Plaintiff had not exhausted his administrative remedies. In his objections, the Plaintiff specified that he tried to obtain medical records to exhaust his administrative remedies, but he was unable to get them. He added he would not be in a better position now to pursue his administrative remedies than he was in September of 2000. His objections, however, clearly support the Government's argument that he has not exhausted his administrative remedies. The Government's dispositive motion should be granted. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the motion to dismiss (docket entry #34), construed as a motion for summary judgment, is **GRANTED**. It is further

**ORDERED** that the complaint is **DISMISSED** without prejudice. It is further

**ORDERED** that the statute of limitations for the claims presented herein are suspended for sixty days after the judgment is final in order to provide the Plaintiff an opportunity to exhaust his administrative remedies and refile the lawsuit if he desires to do so. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 27th day of April, 2005.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE